JOHN GRAY, THOMAS WEST, and HENRY S. MISNER, Plaintiffs in Error, *v.* SMITH MOREY, Defendant in Error.

ERROR TO COOK.

During the progress of a trial, a new bond in replevin may be substituted for the original, with a change of sureties, for the purpose of making a witness of one of the sureties on the first bond.

A person to whom a plaintiff in replevin has given a note for money, with which to purchase the property replevied, out of the proceeds of which the note was to be paid, after the payment of the note, is a competent witness for him.

A defendant in an execution under which replevied property was taken, who has been discharged from the judgment against him, may be examined for the defendant in replevin, without producing his release.

THE affidavit of Smith Morey, defendant in error, as the foundation of this replevin suit, states that he is the owner and lawfully entitled to the possession of certain cattle, of the value of seven hundred and fifty dollars; that John Gray, Thomas West and Henry S. Misner have wrongfully taken and unlawfully and wrongfully detain the same from him; and that said cattle have not been taken for any tax assessment or fine levied by virtue of any law of this State, nor seized under any execution or attachment against Morey; and that he is about to replevy said property.

The declaration alleges the taking and wrongful detention of property, and lays damages at $800.

Replevin bond executed by Smith Morey, Theron Potter and Mr. Castle for self and firm of Castle & Shepard.

Pleas, Non cepit—Non detinet. Property in Gilbert Follansbee; and that property was taken by John Gray, as sheriff, under an execution issued upon a judgment in favor of Thomas West, who sued for the use of the defendant, Henry S. Misner, against Gilbert Follansbee; and that under that execution property was taken as property of Gilbert Follansbee.

The replication alleges property in plaintiff.

The jury found the issues of property for the plaintiff, and also found that there should have been a demand upon the defendant for the property before the commencement of this suit.

Motion for a new trial overruled.

There was a judgment on the verdict that plaintiff have and retain possession of the goods and chattels replevied, and that the defendants have and recover of the plaintiff their costs and charges by them about their defense expended, and have execution therefor.

The counsel for the plaintiff below moved to substitute in place of the original replevin bond on file, which bond is in the usual

27

form, executed by Smith Morey, Mr. Castle, of the firm of Castle & Shepard, for self and firm, and make a new bond, omitting the name of Shepard, one of the sureties therein, and substituting Samuel Shackleford as surety in said bond in the place of Castle & Shepard.

The defendant's counsel opposed the motion, and objected to the filing of a new bond and to the change proposed by the plaintiff, on the ground that it lessened the security of the bond, and, generally, that the court had no power to change or alter it.. The court overruled the objection, and permitted a new bond, executed by Smith Morey, M. B. Castle and Samuel Shackleford, and the counsel for the defendants excepted.

*Shepard* was then called as a witness for plaintiff, and on his *voir dire*, testified: I reside at Sandwich, DeKalb county; am a partner of M. B. Castle; the firm name is Castle & Shepard; our place of business is at Sandwich; we deal in lumber and exchange. My partner, Mr. Castle, is one of the plaintiff's sureties on the replevin bond in this case. Castle & Shepard furnished the money with which the cattle in controversy were purchased. We took the plaintiff's note for the money, and it was understood and agreed that the note was to be paid out of the proceeds of the sale of the cattle. After the cattle were replevied they were sold, and out of the proceeds of the sale the amount of the note was paid to Castle & Shepard, and the note canceled and delivered up to plaintiff.

The defendant's counsel objected to the admission of Shepard on the ground of interest, and because, being a partner of Castle and one of the sureties on the replevin bond, and the proceeds of the sale of the cattle having been paid to Castle & Shepard, he was jointly interested with Castle in the result of the suit. Objection overruled.

Upon his examination in chief, witness testified:

I know the plaintiff, Gilbert Follansbee; a few days before the cattle in controversy were bought, Morey asked me to let him have some money to buy a lot of cattle. This was between the 8th and 12th of February; we were to furnish money and charge one-fourth per cent. for use in the way we discount grain buyer's checks. The amount of the note was to be fixed after cattle came in; as quick as cattle came in, Morey gave his note for the amount—$718 and some cents. Morey paid the note out of the proceeds of the sale of cattle. The cattle were shipped to Chicago on the morning of the 16th; part of the money had been drawn out on checks prior to giving note— about $400 or $500; checks were drawn by Follansbee and Morey. When Morey gave the note, he took about $100 out himself—afterwards a check came in for the balance. The note

was given for exact amount drawn out; the first amount that was drawn out, Follansbee came and wanted $70 or $80 to pay out on some lots to bind the bargain; this was on the 14th of February. The note was taken up after the cattle were replevied and sold. The agreement was to pay Mr. Follansbee's checks when he wanted money. I saw Morey sign the note, which was as follows: .

$718.57.                                                              *Sandwich, Feb.* 16, 1860.

One day after date we promise to pay to the order of CASTLE & SHEPARD Seven Hundred and Eighteen 57-100 Dollars, value received.

(Signed)          SMITH MOREY.

On the back of said note was the following indorsement:

Received of SMITH MOREY within note in full. February 20, 1860.

(Signed)          CASTLE & SHEPARD.

The counsel for the plaintiff then asked the witness the following question:

Did Morey, the plaintiff, say anything to you as to Mr. Follansbee's connection with him in the purchase of these cattle? if so, what did he say?

The defendant's counsel objected, on the ground that the statements of the plaintiff could not be admitted as evidence in his own favor. The court overruled the objection and admitted the evidence as forming a part of the *res gestæ*, and the defendant's counsel excepted.

The witness answered: Mr. Morey said Mr. Follansbee was to help him, and he was to let him have money to buy cattle.

The counsel for the plaintiff then asked the witness the following question:

What was said by Morey at the time the arrangement was made for the money in question, as to Follansbee's partnership interest with him? The counsel for the defendant objected. Objection overruled, and exception.

The witness then answered: Mr. Morey said that Mr. Follansbee told him he was dissatisfied with other lots of cattle they had bought together, and he, Morey, wanted to buy alone.

On his cross-examination the witness testified:

The indorsement on the back of the note is in Mr. Castle's handwriting. Mr. Follansbee went with the cattle to Chicago; we heard that the cattle had been levied upon, and my partner, Mr. Castle, immediately went to Chicago, to see about it, and assist in having them replevied.

The recovery of the judgment set out in the defendant's plea, the issuance and delivery to the sheriff, John Gray, of execution thereon, and the taking of the cattle in controversy thereon, as charged in said plea, were admitted.

*Johnson Misner* was offered as a witness on the part of the defendant. The counsel for the plaintiff objected to him, on the ground of interest, and being examined, on his *voir dire*, he testified:

I am one of the defendants in the execution under which the cattle in controversy, in this suit, were taken. Henry Misner, the person for whose use said action was brought, is my father. That judgment was obtained for money paid by my father on a note given by Follansbee, and on which I was surety. After the judgment was obtained, and before execution was issued, my father released me from all liability on the judgment and gave me a release and receipt in full; that paper I have at home—I did not bring it with me.

The plaintiff's counsel objected to the admission of the witness, on the ground that he was one of the defendants in judgment upon which execution was issued, and if witness had a written release from Henry S. Misner, he should produce it.

The court sustained the objection, and defendant's counsel excepted.

The court, upon the request of defendant's counsel, gave the following instructions:

1. The presumption of the law is, that a party in possession of property is the owner thereof.

2. If the jury believe, from the evidence in the case, that the plaintiff owned the cattle in question jointly with Gilbert Follansbee, then the plaintiff is not entitled to recover.

3. If the jury believe, from the evidence, that the cattle in question were purchased under an arrangement that there was to be a division of the profits arising from the sale thereof, between the plaintiff and Follansbee, they are parties then to that enterprise, and the plaintiffs are not entitled to recover.

4. If the jury believe, from the evidence, that the note given by Morey was to be paid out of the proceeds of the sales, the fact that the note was so made by Morey makes no difference with the plaintiff's right to recover, if the jury also believe that the profits were to be divided between Morey and Follansbee.

5. The admissions of a party to a suit are strong evidence against him, and particularly when against his own interest, and the statements of a party are slight evidence when introduced in his favor.

If the property was in the possession of Follansbee and was shipped and consigned to him, then such facts justify the officers in levying upon the same; and before suit was brought, a demand should have been made, of the officer, of the property.

Assignment of errors as follows:

The court erred in permitting the bond, given upon the com-

mencement of said suit, to be altered, and the new bond substituted therefor.

The court erred in overruling the objections made by the counsel for the defendants to the introduction and examination of Shepard as a witness for the plaintiff, and in permitting said Shepard to be sworn.

The court erred in overruling the objections made by the counsel for the defendants to the evidence of Shepard.

The court erred in overruling the objections made by the defendants upon the trial to the introduction of evidence by plaintiff.

The court erred in sustaining the objections made and taken by the counsel for the plaintiff to the competency and admissibility of Johnson Misner, introduced and offered as a witness by the defendants, and in deciding that said witness was not competent, and excluding him as a witness.

The court erred in directing judgment to be entered upon the verdict of the jury in manner and form as the same was entered.

The verdict of the jury was not authorized by law, and the said jury, after finding that the demand of the property was necessary before suit brought, were not authorized and had no right to pass upon the question of property.

The verdict is against evidence.

The verdict is against law and evidence.

The court erred in overruling and denying the motion for a new trial.

E. S. Smith, and E. M. Dewey, for Plaintiffs in Error.

C. C. Bonney, and E. W. Evans, for Defendant in Error.

Walker. J.   There is no portion of the practice which we regard more uniformly or better settled, than that the court may permit an appeal bond, a replevin bond, a bond for costs, etc., to be canceled and a new one executed, to render a witness, who is a party to the bond, competent to testify.   No possible injury can result to the parties, and it may become highly necessary to the attainment of justice, that the practice should obtain. The law will not permit the party, against whom the evidence is proposed to be given, to hold such an unjust advantage of his adversary, when public policy does not oppose.   This question has been repeatedly before this court, and must be regarded as at rest.   *Kimmell* v. *Schwarts*, Breese, 218 ; *Amos* v. *Sinnett*, 4 Scam. 418.

It is not perceived that, because Morey had given his note to Shepard and his partner, which he at the time agreed to pay

out of the proceeds of the sale of the cattle, renders the witness incompetent. The note had been paid, canceled and given up, by the firm. And the fact that it was paid out of the price received on the sale of the cattle after they were replevied, makes no difference. The firm had received their money, and it was a matter of no interest to witness who succeeded, in the replevin suit. If the plaintiffs in error were successful, and defendant in error was unable to return the cattle, or pay their value, then Castle would have been individually liable as his surety to discharge the damages by reason of the wrongful replevying of the cattle. But it is not perceived in what manner the firm or witness would be liable. It could not be by virtue of the individual liability of his partner.

Plaintiffs offered Johnson Misner as a witness, but the court excluded him from testifying. He testified on his *voir dire*, that he was one of the defendants in the execution under which the cattle in controversy had been seized. That he was the security of Follansbee, but after the rendition of the judgment he had been fully released. That he had the release, but not with him when he testified. It was objected, that the fact that he was a defendant in the execution rendered him incompetent, and that he could not show his restoration to competency except by producing the release. In the case of *Clifton* v. *Reynolds*, 1 Scam. 32, it was held, that the defendant in execution was a competent witness on a trial of the right of property. But it was afterwards provided, by legislative enactment, that he should not be competent. After the passage of that law it was, however, held, in the case of *Miller* v. *Dobson*, 1 Gilm. 573, that a defendant in execution was a competent witness in a case of replevin. This, then, was no grounds for excluding this witness. But even if it had been, he, on his *voir dire*, proved his release from all liability under the judgment. This, under the case of *Ault* v. *Rawson*, 14 Ill. 485, was proper, so as to restore his competency.

The court below, therefore, erred in excluding this witness from testifying, and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*